**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LYNVONNE EKIE HOLMES,**

      **Plaintiff,**

**v.**                                                                 **Case No: 5:16-cv-499-Oc-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

      **Defendant.**

_____

**ORDER**

Before the Court is the Commissioner's Opposed Motion for Entry of Judgment with Remand in which Defendant requests that the Court remand this case so that the Commissioner can take further administrative action.   (Doc. 18).

    **I.**    **BACKGROUND**

In August 2010, Plaintiff filed her initial application for Disability Insurance Benefits ("DIB"), alleging a disability onset date of November 1, 2009, which she later amended to June 23, 2010.   (Tr. 202–09, 248, 249).   The Social Security Administration ("SSA") denied her application initially and upon reconsideration.   (Tr. 116–18, 121–22).   Following a hearing, an administrative law judge issued an unfavorable decision in August 2012.   (Tr. 65–84, 85–113). Then, the Appeals Council denied Plaintiff's request for review.   (Tr. 1–5, 774–78).

In August 2015, I reversed and remanded this case back to the Commissioner as the administrative law judge failed to state the weight accorded to the opinion of Alex C. Perdomo, M.D., a consultative physician.   (Tr. 750–52).   Particularly, I noted that the administrative law judge had erred in the following way:

> At issue here is Dr. Perdomo's opinion that Plaintiff could only stand, walk, and sit for a combined total of six hours in an eight-hour workday. This is significant because it is inconsistent with the ALJ's RFC finding that Plaintiff was capable of work eight-hours a day, six hours of sitting and two-hours of standing/walking. While the ALJ discussed Dr. Perdomo's findings, and this opinion in particular, she failed to state what weight, if any, she was according it.

(Tr. 750) (citation omitted).   After that remand, Plaintiff filed an additional application for benefits, her applications were then consolidated, and the Appeals Council remanded the case back to the administrative law judge to issue a new decision on the consolidated claims.   (Tr. 745).

After another hearing, Administrative Law Judge Michael Calabro (the "ALJ") considered the consolidated claims and issued a partially favorable decision in March 2016.   (Tr. 666–704, 705–42).   Specifically, the ALJ found that Plaintiff became disabled on May 30, 2012 but was not disabled prior to that date.   (Tr. 693).

After the ALJ's decision became final, Plaintiff appealed to this Court.   (Doc. 1).   On appeal, Plaintiff challenges only the decision that she was not disabled prior to May 30, 2012. (Doc. 15, p. 1).   In part, Plaintiff alleges that the ALJ erred, like the previous administrative law judge did, by failing to apply the correct legal standards to Dr. Perdomo's opinion.   (Pl.'s Br. at 12–16).

The Commissioner, in lieu of filing a memorandum in support of the ALJ's decision, has instead moved to remand the case for further proceedings.   (Doc. 18).   Particularly, the Commissioner requests remand in order for the ALJ to "reevaluate Dr. Alex Perdomo's opinion, and, if necessary, obtain supplemental evidence from a vocational expert."   (Doc. 18).   Plaintiff has responded to this motion (Doc. 19), agrees that the case should be remanded, but asserts that the Commissioner should only award benefits upon remand.   The Commissioner has filed a sur-reply.   (Doc. 22).   Lastly, I note that the parties have consented to me.   (Doc. 13).

## II.    LEGAL STANDARD

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).   The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548, 550 (8th Cir. 1984).   Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. *See Falcon v. Heckler*, 732 F.2d 827, 829–30 (11th Cir. 1984).   On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider a psychiatric report tendered to Appeals Council).

This Court may reverse the decision of the Commissioner and order an award of disability benefits when the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord Bowen v. Heckler*, 748 F.2d 629, 631, 636–37 (11th Cir. 1984).   A claimant may also be entitled to an immediate award of benefits when the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or when the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

## III.    DISCUSSION

Although the parties agree that this case should be remanded, and though the parties appear to agree on what error was made below (that is, the ALJ failed to properly consider Dr. Perdomo's

opinion), the Commissioner contends that Plaintiff's request for reversal for an award of benefits should be denied.   I agree.

Plaintiff asserts two arguments in support of her benefits request: (1) she is disabled without a doubt, and (2) given the history of this case, she has suffered an injustice.   As to her claim that the cumulative evidence establishes that she is disabled without a doubt, I note that the only evidence she cites here is Dr. Perdomo's opinion (who is a consultative examiner), along with the Vocational Expert's testimony that an individual who can only stand, walk, and sit for a combined total of six hours in an eight-hour workday—as Dr. Perdomo opined that Plaintiff is— is incapable of maintaining employment.   (Doc. 19 pp. 2–3).   In short, she presents no other evidence of her disability here.   *See generally Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim.").   Further, the ALJ gave substantial weight to the opinion of state agency consultant Audrey Goodpasture, M.D., who found that Plaintiff can stand or walk for two hours and sit for six hours in an eight-hour workday, because (according to the ALJ) Dr. Goodpasture's opinion was consistent with the following examination findings:

> [T]he claimant's most recent evaluations prior to the established onset date [of May 30, 2012] show that there was no erythema, ecchymosis or edema observed and the claimant's pulses were symmetric and palpable. Her shoulders, knees, hips and ankles had a full and painless range of motion and there was no focal tenderness or spasm in her neck. Her range of motion in her back was only slightly limited throughout and there was no focal tenderness or spasm. Her gait was normal and she was able to walk on her heels and her toes with some difficulty. She had normal strength, sensation and coordination and her deep tendon reflexes were equal. There was no overt radiculopathy and it was stated she was clinically stable and functionally active with her pain management program.

(Tr. 685–87, 800–01).   Indeed, these examination notes from *The Spine & Scoliosis Center* show that between June 2011 and April 2012 Plaintiff received epidural injections there but nevertheless

she showed a full and painless range of motion in her shoulders, hips, knees, and ankles; no erythema, ecchymosis, or edema; symmetric and palpable pulses; no focal tenderness or spasm; slight limitation in range of motion throughout; no overt radiculopathy; a normal, but guarded gait; and an ability to heel and toe walk with some difficulty.   (Tr. 603, 606, 607, 616, 632, 634, 641–42).

Accordingly, given the inconsistency between the findings of Dr. Goodpasture (in conjunction with the examination findings from *The Spine & Scoliosis Center*) and Dr. Perdomo's opinion that Plaintiff can only sit, stand, and walk for a combined total of six hours a day in an eight-hour work day, I cannot say on this record that it is clear that the cumulative effect of the evidence establishes that Plaintiff is disabled without any doubt.   *See Jack v. Comm'r, Soc. Sec. Admin.*, No. 16-11061, 2017 WL 104752, at *3 (11th Cir. Jan. 11, 2017) (noting that "it is not clear that the cumulative effect of the evidence establishes disability without any doubt because there is conflicting evidence about the severity of [the plaintiff's] visual impairment").

And as to Plaintiff's assertion that she has suffered an injustice, I find that the record before me does not support that allegation.   First, the fact that the Commissioner has improperly considered Dr. Perdomo's opinion twice is not reason in and of itself to award benefits.   *See, e.g.*, *Correa v. Comm'r of Soc. Sec.*, No. 6:16-CV-90-ORL-31DCI, 2016 WL 7838904, at *7 (M.D. Fla. Dec. 28, 2016), *report and recommendation adopted,* No. 6:16-CV-90-ORL-31DCI, 2017 WL 176983 (M.D. Fla. Jan. 17, 2017) (declining to awards benefits solely on the fact "that the ALJ has committed the same error twice").   And this is not a case where the plaintiff has undergone a multiplicity of both administrative hearings and remands; to date, Plaintiff has underwent only a single remand and two hearings (and her initial claim was filed in 2010 and the ALJ found that she is disabled starting in May 2012).   *Compare Trivett v. Comm'r of Soc. Sec.*,

No. 5:12-CV-534-OC-PRL, 2013 WL 6670441, at *8 (M.D. Fla. Dec. 18, 2013) (remanding for benefits when the plaintiff had endured four hearings, three remands, and had filed her claim almost ten years earlier) *with Talley v. Colvin*, No. 3:15-CV-423-J-34MCR, 2016 WL 4267803, at *1, 5 (M.D. Fla. July 13, 2016), *report and recommendation adopted,* No. 3:15-CV-423-J-34MCR, 2016 WL 4247739 (M.D. Fla. Aug. 11, 2016) (declining to award benefits when the plaintiff had endured only two remands but filed her claim in 1995).

Notably, where, as here, a plaintiff appeals a partially unfavorable decision and the Commissioner moves to remand under sentence four, Courts in this district have, on at least three occasions, limited the remand to review of only the unfavorable portion.   *See, e.g., See Rainey v. Comm'r of Soc. Sec.*, No. 5:15-CV-536-OC-PRL, 2016 WL 3193474, at *3 (M.D. Fla. June 9, 2016) (limiting the scope of the review when granting the Commissioner's *voluntarily* motion to remand under sentence four); *Shaff v. Comm'r of Soc. Sec.*, No. 6:15-CV-1350-ORL-TBS, 2016 WL 1714524, at *2 (M.D. Fla. Apr. 29, 2016) (same); *Kropp v. Colvin*, No. 3:13-cv-158-J-JBT, Doc. 25 at 2–3 (M.D. Fla. Nov. 25, 2013) (same).   Under the circumstances presented here, I agree with this approach.

IV.   CONCLUSION

Upon review of the record and filings, I find that it is appropriate to remand this matter to the Commissioner for further evaluation of the record.   Accordingly, it is **ORDERED**:

1.   Defendant's Motion for Entry of Judgment with Remand (Doc. 18) is **GRANTED** with the following limiting instruction: (a) the scope of the Commissioner's reconsideration is limited to the period of time prior to May 30, 2012; (b) the Commissioner may consider and find an earlier onset date, but she may not find a later onset date; and (c) the Commissioner may not find that Plaintiff has never been disabled.   Upon remand, the Commissioner will further evaluate

the opinion of Dr. Alex Perdomo.   If necessary, the Commissioner will obtain evidence from a vocational expert to determine what work Plaintiff can perform.

2.        This action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).[1]

3.        The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** in Ocala, Florida on February 3, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala*, 509 U.S. at 298–302.